No. 158.

## MATTLER v. STRANGMEIER.

LANDLORD AND TENANT.—*Repairs.*—The landlord is not bound to repair the demised premises in the absence of an express covenant to repair. The mere fact that a landlord makes some repairs voluntarily creates no liability to make others.

APPELLATE COURT.—*Weight of Evidence.*—The Appellate Court will not reverse a judgment on the weight of the evidence.

From the Marion Circuit Court.

*R. Hill* and *M. S. Bright,* for appellant.
*H. J. Everett,* for appellee.

CRUMPACKER, J.—Louise Strangmeier *et al.* sued Francis J. Mattler for the possession of a dwelling-house they had rented to him, because of his alleged failure to pay the rent due.    A notice to quit, on account of his being in arrears in payment of rent, was given the tenant more than ten days before the suit was brought.    The plaintiffs below had judgment for possession and damages for detention.

A motion for a new trial was filed and overruled, and exceptions saved.

The sole question presented to us for decision relates to the sufficiency of the evidence to sustain the finding and judgment.

The appellant insists that at the time he rented the property in controversy, the appellees agreed to make certain repairs upon it necessary to render it tenantable, which they wholly failed to do, consequently the use of the premises was worthless.

The law *implies* no covenant to repair on the part of the landlord, so the question now is, whether there was an *express* agreement to repair.

Appellant and his wife both testified that the appellees agreed to put the house in a good condition of repair at the time it was rented and as part of the rental contract, and

that in recognition of their obligation they subsequently replaced several panes of window glass which had been broken.

Two of the appellees, those who made the contract, denied ever having agreed to repair the premises, but said they positively refused to do so. They admitted having put in the window glass, but insist that that was done gratuitously.

There was an irreconcilable conflict in the evidence, and it was the duty of the trial court to determine which side should be accredited. We can not, therefore, interfere with the finding and judgment. The mere fact that the appellees made some repairs voluntarily could create no liability to make additional repairs.

Judgment affirmed, with costs.

Filed May 29, 1891.